■ ANDRE BANKS, Appellant, v AMERICAN MANUFACTURERS MUTUAL INSURANCE Co., Respondent. [762 NYS2d 588] —Order,

---

* Deceased June 1, 2003.

Supreme Court, New York County (Sherry Klein Heitler, J.), entered on or about June 7, 2002, which granted defendant insurer's motion to dismiss an action seeking a declaration as to plaintiff's entitlement to benefits under the supplementary uninsured/underinsured motorists (SUM) endorsement to his insurance policy issued by defendant, unanimously reversed, on the law, without costs, the motion denied, the complaint reinstated, and the matter remanded for further proceedings.

In lieu of answering the complaint in this declaratory judgment action concerning plaintiff's entitlement to SUM benefits, defendant insurer moved to dismiss pursuant to CPLR 3211 (a) (7), arguing that the allegations of the complaint itself established that plaintiff was not entitled to such benefits as a matter of law. The IAS court granted the motion, relying on a provision of the first-party personal injury coverage portion of plaintiff's policy requiring that notice of a claim for such coverage be given to defendant no more than 90 days after an accident. The IAS court's reliance on this 90-day notice provision (which defendant had not invoked) was erroneous, since such provision is not part of the SUM endorsement, and therefore does not apply to SUM coverage. Further, for the reasons discussed below, we cannot affirm on any of the grounds advanced by defendant in opposition to this appeal, as it cannot be said as a matter of law that plaintiff failed to comply with the conditions to SUM coverage.

Defendant first argues that plaintiff failed to comply with the condition of the policy that defendant be given written notice of a claim for SUM benefits "[a]s soon as practicable." The complaint alleges that, after being informed by letter dated September 26, 2000 that the tortfeasor's coverage was limited to $25,000 per person, plaintiff first notified defendant of his SUM claim by letter dated October 2, 2000, which was sent about 25 months after the accident occurred and about 16 months after the personal injury action against the tortfeasor was commenced. Based on the present undeveloped record, it cannot be said that this delay establishes as a matter of law that plaintiff failed to give notice "[a]s soon as practicable." In the underinsurance context, the phrase "as soon as practicable" is construed to require the insured to "give notice with reasonable promptness after the insured knew or should reasonably have known that the tortfeasor was underinsured" (*Matter of Metropolitan Prop. & Cas. Ins. Co. v Mancuso,* 93 NY2d 487, 495 [1999]). Moreover, "underinsurance analyses are intensely fact specific and therefore particularly well suited for determinations of timeliness of notice on a case-by-case

basis" (*id.* at 494-495). Accordingly, fact-finding proceedings are required to determine whether the delay in plaintiff's ascertaining the limits of the tortfeasor's coverage was due to any lack of due diligence on his part, and, if not, whether his counsel's October 2, 2000 letter, which defendant denies receiving, was actually sent on or about that date.

Also unavailing at the pleading stage of this action is defendant's contention that plaintiff, by first notifying defendant of the underlying personal injury action at least 16 months after it was commenced, violated the policy condition that the summons and complaint in such an action be "forwarded immediately" to defendant. An insured's late notice to the insurer of the pendency of a legal action against the tortfeasor does not vitiate SUM coverage absent a demonstration that the insurer has been prejudiced by the delay (*see Matter of Brandon [Nationwide Mut. Ins. Co.], 97 NY2d 491 [2002]*). Whether defendant has been prejudiced by plaintiff's untimely notice of his personal injury action is a factual issue that cannot be determined from the present record.

Finally, defendant relies on the policy's condition to SUM coverage permitting plaintiff to settle with a tortfeasor only for the limit of the tortfeasor's insurance coverage, and only after giving defendant 30 days written notice; otherwise, the policy provides, "[a]n insured shall not * * * settle with any negligent party, without our written consent, *such that our rights would be impaired*" (emphasis added). Although plaintiff admits that he did not give defendant notice before settling his action against the tortfeasor for the limit of the tortfeasor's coverage, further proceedings are required to determine whether defendant's rights were "impaired" by this settlement, so as to vitiate coverage. Concur—Buckley, P.J., Sullivan, Rosenberger, Wallach* and Friedman, JJ.